The opinion of the Court was delivered by
Bermudez, C. J.
This is a petitory action coupled with an injunction, brought directly against the succession of L. F. Générés, represented by Elmore Dufour, as executor.
Its object is to have the succession of John Bird recognized as owning certain real estate, seized and advertised for sale by Dufour, to foreclose a mortgage upon it.
There was judgment dissolving the injunction and rejecting the claim. From that judgment the plaintiff has appealed.
The proceedings of Dufour are instituted against the assignee of Lobdell, the mortgagee. The judgment rendered was for $11,495, with interest, costs and charges, and mortgage on the property. On that judgment a fi. fa. issued, by virtue of which the property was seized and advertised, but its further execution was enjoined by the succession of John Bird, claiming to be the owner thereof, by purchase from T. J. Bird, who is alleged to have acquired it at a tax sale, in consideration of $200 paid therefor, under process for the collection of taxes, for several years, due the State.
The evidence does not show that Stephen Bird, who claims to be the executor of John Bird under a Missouri court appointment, is such, and ever was recognized in that capacity by the proper court in this State. Neither does it establish that John Bird himself ever acquired the property. It is to the effect, that at a tax sale, the property was adjudicated to T. J. Bird, who afterwards appears to have sold it for $280 to the succession of John Bird, represented in. the act by an agent of the executor.
We deem it unnecessary to consider whether the tax title made to T. J. Bird has transferred the ownership of the land to him.
It is enough, for the present purpose of this case to say, that T. J. Bird is not a party plaintiff in this action, and that if he have no interest to be such, that Stephen Bird, who claims to be the executor of John Bird, has not shown himself to be such, although put on his proof.
There is another objection to the consummation of the proceedings in this case, which is a real action, and it is, that neither have the heirs of Générés nor the assignee of Lobdell been made parties to the suit.
The action is not against one in possession of the property, but is solely against the legal representative of the deceased mortgage creditor. Its object is clearly to strip the succession of Générés, his heirs, and the bankruptcy of Lobdell, and the creditors thereof, of all their rights in *323 and to the land, whether as owners, or otherwise. It is in the nature of an action in reven dication, which, under the express terms of the law, must be brought, not' only against the executor, but also against his heirs, present or represented. C. P. 123, 27, 4; R. C. C. 1137, 1329; 9 A. 302.
We are authorized to notice cx-officio that neither the heirs of Grénérés nor the assignee of Lobdell, were made parties to resist the action, which cannot be decided in their absence.
We do not consider that the correctness of this proceeding, against the executor alone, is to be tested and is sanctioned by Article 398, C. P., which can only apply to suits brought by creditors themselves, and which has no reference to suits brought by executors of deceased creditors, as those executors do not represent the deceased completely.
The estate which they represent cannot be divested of any real right by a real action, unless the heirs are made parties.
An executor can exercise only those powers which the law has conferred upon him, surely not those which the law has expressly said he would not have. Articles 123 and 398, must be construed together.
We do not think that this case is one in which other damages than costs can be allowed on the dissolution of an injunction.
We construe the judgment appealed from as one of dismissal. It is affirmed with costs.